UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 15-20307-TLM |
| SHAWN T. MONTEE and ) | |
| HEATHER M. MONTEE, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ) | |
| ROBERT WOLFORD, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Adv. No. 16-07007-TLM |
| ) | |
| SHAWN T. MONTEE and ) | |
| HEATHER M. MONTEE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION ON DEFENDANTS'
"MOTION TO CONTINUE" (DOC. NO. 82)**
_____

**INTRODUCTION**

In August 2016, Plaintiff Robert Wolford filed this adversary proceeding seeking to deny discharge to Defendants Shawn and Heather Montee under provisions of § 727(a). Defendants initially answered and represented themselves *pro se* until July 28, 2017, when attorney Gregory Rauch ("Defendants' Counsel") appeared. The Court held a pretrial conference on October 24, 2017, at which

MEMORANDUM OF DECISION ON MOTION TO CONTINUE - 1

Defendants' Counsel and Mark Ellingsen ("Plaintiff's Counsel") appeared. As a result of that conference, and upon the input and agreement of both Counsel, the Court entered a Pretrial Order setting trial for April 2–5, 2018. Doc. No. 78. The Order also required disclosures of proposed witnesses and all documentary evidence by March 19, 2018, and pretrial briefs to be filed by that same date.[1]

On February 20, Defendants filed a motion to continue the trial. Doc. No. 82 ("Motion to Continue"). Plaintiff objected and also filed a motion for an order compelling Defendants' attendance at trial. Doc. No. 84 ("Motion to Compel"). Both matters were set for hearing on March 6, 2018. Plaintiff's Counsel and Defendants' Counsel appeared at that hearing.[2]

Defendants' Counsel agreed and stipulated that Defendants would personally appear at the time of trial, whether that was the presently set trial date or any continued or reset trial date, and that they would do so without the need for subpoena. On the basis of that agreement, placed on the open record,[3] the Motion to Compel was deemed moot. The parties then presented argument on the Motion to Continue.

---

[1] Pursuant to a June 2017 Order, all discovery was to be completed no later than September 1, 2017, and no further extensions would be entertained. Doc. No. 40.

[2] A member of Mr. Rauch's firm, Laurene Sorensen, appeared for Defendants.

[3] *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1337–40 (9th Cir. 2002); *In re AICO Recreational Props., LLC*, 2003 WL 1964190, *4 (Bankr. D. Idaho Apr. 11, 2003) (citing *Doi*).

MEMORANDUM OF DECISION ON MOTION TO CONTINUE - 2

### A. Motion to Continue

Defendants' bankruptcy case was commenced under chapter 11 on April 21, 2015. It was converted to a chapter 7 liquidation on May 4, 2016.

The Motion to Continue references a prebankruptcy state court proceeding, Kootenai County Case No. CV-2014-4713 (the "State Court Case"), brought by Plaintiff against the Defendants and certain entities. In the State Court Case, a prebankruptcy injunction was issued on March 25, 2015, enjoining and restraining Defendants from, *inter alia*, "creating or forming any further business entities, which would include, but not be limited to, limited liability companies, corporations, or limited partnerships without first obtaining approval [of the State Court]." Case No. 15-20307 at Doc. No. 311-1. Believing the injunction was violated post-petition, Plaintiff wanted to seek a ruling for contempt in the State Court Case, and the automatic stay was lifted to allow that action for contempt to proceed. *Id.* at Doc. No. 325.[4]

The Motion to Continue is based on the contempt litigation pending in the State Court Case. While a hearing or hearings may be soon held in the State Court

---

[4] Plaintiff's motion for relief from stay and supporting materials indicate the contempt claim is based on Defendants' creation of North Pacific, LLC, a Wyoming limited liability company, on May 17, 2016, shortly after conversion of Defendants' bankruptcy to chapter 7, and the registration of that LLC in the State of Idaho on June 6, 2016. *See* Case No. 15-20307-TLM at Doc. No. 311-2. *See also* Doc. No. 82-1 (copy of the Dec. 29, 2017, affidavit of Plaintiff's Counsel in the State Court Case in support of contempt, attached to Defendants' Motion to Continue).

MEMORANDUM OF DECISION ON MOTION TO CONTINUE - 3

Case, there is some question as to when the contempt matters will actually be tried. Defendants' Counsel argues the criminal or quasi-criminal nature of the contempt matters creates a dilemma in connection with potential assertion of Fifth Amendment rights during Defendants' testimony at trial herein, which would likely precede adjudication of the State Court Case if the trial remains as presently set.[5]

The parties provided some citations to authorities. The Court has reviewed those cases, and has independently researched and reviewed others.[6] There is general agreement that this Court has the discretion to enter a stay of a proceeding[7] in the interests of justice, and that power is "incidental to the power inherent in every court to control the disposition of the cases on its docket[.]" *Landis v. N.*

---

[5] Defendants' Counsel also argues that because Defendants' former attorney, Paul Daugharty, is named in the State Court Case, and because he may need to be a witness at trial in this adversary proceeding, that similar Fifth Amendment issues may arise in that regard.

[6] The cases include *Sokol v. Clark*, 2018 WL 1089620 (W.D. Pa. Feb. 23, 2018); *Layng v. Garcia (In re Garcia)*, 569 B.R. 480 (Bankr. N.D. Ill. 2017); *Paskenta Band of Nomlaki Indians v. Crosby*, 2017 WL 1408118 (E.D. Cal. Apr. 20, 2017); *Official Comm. of Unsecured Creditors of Glob. Prot. USA, Inc. v. Susquehanna Bank (In re Glob. Prot. USA, Inc.)*, 2015 WL 194198 (Bankr. D.N.J. Jan. 13, 2015); *Sharp v. SSC Farms 1, LLC (In re SK Foods, L.P.)*, 2010 WL 5136189 (E.D. Cal. Dec. 10, 2010); *Carroll v. Unicom AP Chem. Corp. (In re MGL Corp.)*, 262 B.R. 324 (Bankr. E.D. Pa. 2001); and *Kozyak v. Poindexter (In re Fin. Federated Title & Tr., Inc.)*, 252 B.R. 834 (Bankr. S.D. Fla. 2000).

[7] While Defendants seek "to continue" the trial herein, and did not couch the request as one for a stay, that is the inevitable result. Their reply brief argues that "continuing the bankruptcy proceedings until after the disposition of the criminal contempt charges is in the interests of judicial economy" because issues tried in the State Court Case might resolve or even preclude issues herein. The Court need not address that particular rationale, but will note that the practical effect of Defendants' request suggests a stay of the adversary proceeding until the State Court Case is resolved.

MEMORANDUM OF DECISION ON MOTION TO CONTINUE - 4

*Am. Co.*, 299 U.S. 248, 254–55 (1936).  The Court must "weigh competing interests and maintain an even balance" when determining if a stay is warranted. *Id.*; *see also Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).  It is recognized that "[I]n the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Keating*, 45 F.3d at 324 (quoting *S.E.C. v. Dresser Indus.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980)).  But the Court should consider "the particular circumstances and competing interests involved in the case" and "the extent to which the defendant's Fifth Amendment rights are implicated." *Id.* (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).  The Ninth Circuit instructed that in determining whether to exercise its discretion, a court should generally consider five factors, and those are:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 324–25 (citing *Molinaro*, 889 F.2d at 903)).

It is important to recognize that factor-driven analyses in bankruptcy law is

MEMORANDUM OF DECISION ON MOTION TO CONTINUE - 5

more than just toting up supporting and opposing factors. *In re Stella*, 2006 WL 2433443, *4 (Bankr. D. Idaho June 28, 2006) ("[S]uch lists are capable of being misconstrued as inviting arithmetic reasoning [but] are merely a framework for analysis and not a scorecard. In any given case, one factor may so outweigh the others as to be dispositive." (quoting *Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 24–25 (9th Cir. BAP 2003)). The Court has considered the foregoing factors, including those not emphasized by the parties.

The causes of action in this adversary proceeding arise under § 727(a)(2), (a)(3), (a)(4)(A), (a)(5), and (a)(7). Doc. No. 1 at 11–14 (Counts 1 through 8). Those claims are effectively conclusory and simply recite the statutory language and rely on pages 3–10 of the Complaint setting forth the "operative facts." Those facts are not identical to the allegations supporting the contempt motion in the State Court Case, but they are congruent and closely related. This similarity in the conduct challenged by Plaintiff forms much of the basis of Defendants' Motion to Continue.

In addition to evaluating the various factors identified above and the parties' arguments, the Court has also reflected on the policies underlying the issue as analyzed in the case law. While Defendants' arguments at times overstate the policies and concerns, there is clearly a connection between the matter now set for trial before this Court and the contempt issues pending in the State Court Case.

MEMORANDUM OF DECISION ON MOTION TO CONTINUE - 6

At bottom, Plaintiff elected to commence a contempt process with knowledge of the pendency of trial in this adversary proceeding. Taking the battle to two fronts was a choice. And it effectively created the stay issue.

While the Court is loath to vacate the trial setting, the consideration and balancing of the factors at issue persuades it that a stay is appropriate. The Motion to Continue will be granted, and the trial set for April 2–5, 2018, will be vacated. In addition, the March 19 evidentiary disclosures and briefing deadline will also be vacated.

An appropriate order will be entered.

DATED: March 12, 2018



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION ON MOTION TO CONTINUE - 7